CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

FEB 0 1 2010

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| JOEL MARTIN KEITH, | ) | |
| **Plaintiff,** | ) | Civil Action No. 7:09cv00389 |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| FEDERAL EXPRESS CORP. LONG TERM | ) | By: **Samuel G. Wilson** |
| DISABILITY PLAN, | ) | **United States District Judge** |
| **Defendant.** | ) | |

This is an action by plaintiff, Joel Martin Keith, pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), § 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), seeking benefits under the Federal Express Corporation Long Term Disability Plan (the Plan).[1] Keith brought the suit in the Circuit Court for the City of Roanoke, Virginia, and the Plan removed it to this court pursuant to 28 U.S.C. §1441 based upon this court's original, concurrent jurisdiction. See 29 U.S.C. §1132(e). The matter is currently before the court on Keith's motion to remand on the ground that this Court should honor his forum selection. The Court concludes that it is required to exercise its congressionally conferred jurisdiction. Accordingly, the court denies Keith's motion to remand.

## I.

Keith recognizes that this court has original jurisdiction over this action, but he maintains that the court should remand the case to the Circuit Court. According to Keith, because Congress gave state courts concurrent jurisdiction over claims brought under 29 U.S.C. § 1132(a)(1)(B) and because the Circuit Court is capable of adjudicating his claims, the court should honor his

---

[1] Keith's complaint seeks compensatory damages. Compensatory damages, however, are not recoverable under ERISA. Mertens v. Hewitt Assocs., 508 U.S. 248, 256-58 (1993).

forum choice. The Court finds, however, that Keith's forum choice cannot trump the Plan's statutory right of removal and that it is constrained to exercise its congressionally conferred jurisdiction in the absence of a rule that directs abstention.

29 U.S.C. § 1132(e)(1) creates concurrent state and federal jurisdiction over suits by ERISA plan beneficiaries to recover benefits due them under the terms of their plans.[2] When federal and state courts have concurrent jurisdiction, "Congress must expressly provide for nonremovability to prevent removal," Callison v. Charleston Area Med. Ctr., 909 F. Supp. 391, 394 (S.D.W.Va. 1995) (citing Whitfield v. Fed. Crop. Ins. Corp., 557 F.2d 413, 414 (4th Cir. 1977)), because the pertinent removal statute (28 U.S.C. § 1441) provides that "*except as otherwise expressly provided by Act of Congress*," a defendant may remove an action from state court to federal court if the district court has original jurisdiction over the matter to be removed. 28 U.S.C. § 1441 (2006) (emphasis added). Accordingly, in the absence of a statutory barrier to removal or an applicable principle of abstention, the court cannot defer to Keith's choice of forum.

Since there is no Congressional barrier to the Plan's right to remove the action to this court and no applicable abstention principle, the Court is constrained to exercise its congressionally conferred jurisdiction. Accordingly, the court denies Keith's motion to remand.

## II.

For the reasons stated, the court denies Keith's motion to remand.

---

[2] 29 U.S.C. § 1132(e)(1) provides that "[e]xcept for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have *exclusive* jurisdiction of civil actions under this subchapter . . . . State courts of competent jurisdiction and district courts of the United States shall have *concurrent* jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section." 29 U.S.C. § 1132(e)(1) (2006) (emphasis added).

**ENTER:** This 1st day of February 2010.

_____
UNITED STATES DISTRICT JUDGE